UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM PATRICK McADORY,

        Petitioner,         Case No. 1:10-cv-1189

v.        Honorable Gordon J. Quist

KENNETH McKEE,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. The action originally was filed in the Eastern District of Michigan and was transferred to this Court. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner presently is incarcerated at the Bellamy Creek Correctional Facility. He pleaded guilty in the Grand Traverse County Circuit Court to two counts of possession of less than twenty-five grams of cocaine, MICH. COMP. LAWS § 333.7403(2)(a)(v), and two counts of possession with intent to deliver or manufacture less than fifty grams of cocaine, MICH. COMP. LAWS § 333.7401(2)(a)(4). He was sentenced on April 10, 2009 to a prison term of one year and two months to eight years for one count of possession of less than twenty-five grams of cocaine, one year and six months to four years for one count of possession of less than twenty-five grams of cocaine, and one year and eleven months to twenty years for each count of possession with intent to deliver or manufacture less than fifty grams of cocaine.

In his application, Petitioner raises the following ground for habeas corpus relief:

THE TRIAL COURT [ERRED] IN SCORING OFFENSE VARIABLE TWELVE AND OFFENSE VARIABLE FOURTEEN WITHOUT SUPPORT IN THE RECORD, RESULTING IN A SENTENCE OUTSIDE THE CORRECT GUIDELINE RANGE, REQUIRING RE-SENTENCING.

(Pet., Page ID#8, docket #1.)

Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court, raising the same claim presented in his habeas petition. The Michigan Court of Appeals and Michigan Supreme Court denied leave to appeal on February 16, 2010 and June 28, 2010, respectively.

**Discussion**

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for

writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

In his only ground for habeas corpus relief, Petitioner asserts that the trial court improperly scored Offense Variable 12 and Offense Variable 14. Claims concerning the improper scoring of sentencing guidelines are state-law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law). There is no constitutional right to individualized sentencing in non-capital cases. *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991); *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995); *see also Lockett v. Ohio*, 438 U.S. 586, 604-05 (1978) (in a case holding that mitigating factors must be fully considered in death penalty cases, the Court "recognize[d] that, in noncapital cases, the established practice of individualized sentences rests not on constitutional commands, but on public policy enacted into statutes."). Since Petitioner has no federal right to an individualized sentence, this ground presents an issue of state law only. Petitioner has not alleged grounds for the Court to conclude that this is one of those rare instances where an alleged state-law sentencing error was so egregious that it led to a fundamentally unfair outcome. *See Bowling v. Parker*, 344 F.3d 487, 521

(6th Cir. 2003). Therefore, the state-court's rejection of Petitioner's claim was not based on an unreasonable determination of the facts and was neither contrary to nor an unreasonable application of established Supreme Court precedent. *See* 28 U.S.C. § 2254(d).

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district

court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated: May 19, 2011 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE